IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CODY JOSEPH PRESTI, #A6067834, | ) | CIV. NO. 20-00153 LEK-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| TERESA MIIKE, SCOTT O. | ) | |
| HARRINGTON, SEAN ORNELLAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before the court is pro se Plaintiff Cody Joseph Presti's prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983.  *See* ECF No. 1.[1]  Plaintiff challenges his transfer from the Waiawa Correctional Facility ("Waiawa") to the Halawa Correctional Facility ("HCF") in December 2019.  He alleges that Defendants Waiawa Warden Sean Ornellas, OSSA Administrator Teresa Miike, and HCF Warden Scott. O. Harrington  conspired to transfer him from Waiawa to HCF in retaliation for filing grievances.

For the following reasons, Plaintiff's Complaint is DISMISSED with leave granted to amend pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a).

---

[1]The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system used for filed documents in the District of Hawaii.

# I.   STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *Id.* (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me

2

accusation" also falls short of meeting this plausibility standard.  *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND

While Plaintiff was incarcerated at Waiawa in October 2019, he submitted an in forma pauperis request form to be completed by the Waiawa financial office and returned.  *See* Compl., ECF No. 1 at #5 (Count I).  He says that Warden Ornellas declined to direct the staff to fill out his request, and later, when he submitted a second request, it was never returned.  Plaintiff attempted to informally resolve this issue for two months.  On or about December 18, 2019, he filed a grievance regarding the issue.  Plaintiff claims that this denied him the ability to access the court because he intended to send the completed form to the state court with a Hawaii Rules of Penal Procedure ("HRPP") Rule 40 petition.

Plaintiff alleges that Ornellas, Miike, and Harrington then conspired to retaliate against him for filing this grievance, by transferring him from Waiawa to HCF on or about December 18, 2019. *Id.* at #6 (Count II). As a consequence, Plaintiff lost his job and was removed from a program at Waiawa, which he alleges delays his early release.

Finally, Plaintiff claims that since he has been at HCF, he has been denied a "transfer packet" to a minimum custody facility, where he believes he has the right to be housed because he is a minimum custody inmate. *Id.* at #7 (Count III).

Plaintiff commenced this action on April 9, 2020. *See id.* He was transferred back to Waiawa on or about April 15, 2020. *See* ECF No. 6 (notice of change of address). Plaintiff seeks compensatory and punitive damages and a transfer to a minimum security or work furlough facility.

## III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## A.    Eleventh Amendment Immunity

The "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984. It does not bar official capacity suits for prospective relief to enjoin alleged ongoing violations of federal law, however. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010); *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *Hafer v.*

5

*Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Plaintiff's claims for damages against all Defendants named in their official capacities are DISMISSED.  Plaintiff's request for prospective injunctive relief in the form of a transfer to a minimum security facility is DISMISSED as moot.[2]

## B.    Right of Access to the Court

Prisoners have a constitutional right to access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  That right is limited to filing direct criminal appeals, habeas petitions, and civil rights actions.  *Id.* at 354.  Claims for the denial of access to the courts may arise from the hindrance of "a litigating opportunity yet to be gained" (forward-looking claim) or from the loss of a suit that cannot now be tried (backward-looking claim).  *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference."), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

A plaintiff must allege an "actual injury" as a threshold requirement to any

---

[2] Waiawa is a minimum security facility, and thus, satisfies Plaintiff's request for injunctive relief.  *See* https://dps.hawaii.gov/wc/.

6

access to the courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

That is, a plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim, setting forth the nature and description of the underlying claim, "as if it were being independently pursued." *Harbury*, 536 U.S. at 413-14, 417. Finally, a plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff fails to allege an actual injury to pursuing an HRPP Rule 40 petition. He does not claim that he was unable to file the petition, or that any petition that he did file was dismissed because he was allegedly denied the indigency form at Waiawa. To the contrary, Plaintiff has *two* recently filed post-conviction actions pending in the Second Circuit Court, State of Hawaii ("circuit

court").[3]  *See Presti v. State*, 2CPN-20-0000002 (Haw. 2d Cir. Ct., filed 02/05/2020) (Rule 40 petition); *Presti v. State*, 2CPN-19-0000001 (Haw. 2d Cir. Ct., filed 12/23/2019) ("Ex Parte Motion to Reduce Charge").  Available at: https://www.courts.state.hi.  Plaintiff has been granted in forma pauperis status in both actions; neither suit has been dismissed on procedural grounds.  He has filed motions, requests, and letters in these cases and he has missed no deadlines.

Plaintiff fails to allege facts showing that Defendants caused him "actual prejudice" with respect to any past, present, or contemplated case, "such as the inability to meet a filing deadline or to present a claim."  *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678.  Plaintiff fails to state a colorable claim for the denial of access to the courts and this claim is DISMISSED with leave to amend.

## C.    Conspiracy

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir.2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).

---

[3]A court may take judicial notice of undisputed matters of public record, including court records.  *See* Fed. R. Evid. 201(b); *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).

To have standing to bring this type of claim, Plaintiff must allege he suffered an actual injury. *Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994).

Plaintiff makes general, omnibus allegations that Defendants, in transferring him to HCF, did so in furtherance of some conspiracy. Plaintiff does not show any actual constitutional injury due to this alleged conspiracy. His right of access to the court was not hindered, and he has no constitutional right to be housed in the prison of his choice, or in a minimum security prison, or to be free from transfer. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding there is no protectable interest in being housed in a specific prison or particular state); *Meachum v. Fano*, 427 U.S. 215, 229 (1976).

Plaintiff fails to plead the basic elements of a civil conspiracy: an agreement and concerted action amongst the Defendants in the furtherance of that agreement, and that each defendant conspired to violate Plaintiff's constitutional rights, and an injury. Plaintiff's conspiracy claim is DISMISSED with leave to amend.

**D.     Retaliation**

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)).  It is the plaintiff's burden to plead and prove each of these elements.  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  A plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right, however.  *Id.*; *see also Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (holding transfer to a different prison constituted adverse action for purposes of retaliation claim).

Prisoners have a First Amendment right to file grievances and to be free from retaliation for doing so.  *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  A plaintiff must also show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct, however.  *Brodheim*, 584 F.3d at 1271. A plaintiff must allege direct or circumstantial evidence of defendant's alleged retaliatory motive; speculation is insufficient.  *See McCollum v. Cal. Dep't of Corr. and Rehabilitation*, 647 F.3d 870, 882-83 (9th Cir. 2011); *accord Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).  Thus, a plaintiff must show that the defendant knew of plaintiff's protected conduct *and* either a proximity in time between the

10

protected conduct and the alleged retaliation, or the defendant's expressed

opposition to the protected conduct, or some other evidence showing that

defendant's reasons for the challenged action were false or pretextual.  *McCollum*,

647 F.3d at 882.  A plaintiff must prove that the alleged retaliatory motive was the

but-for cause of the challenged actions.  *Hartman v. Moore*, 547 U.S. 250, 260

(2006).

### 1.    *Analysis*

Plaintiff filed a grievance regarding the denial of his indigent form at

Waiawa on or about December 18, 2019, and he alleges that he was transferred to

HCF on the same day.  *See* Compl., ECF No. 1 at #5 (stating first grievance was

filed 12/18/19) and #6 ("This retaliation occurred 12/18/19 resulting in grievance

169191 being filed in H.C.F. on 12/23/2019").  This chronology simply does not

support a finding that Defendants transferred him in retaliation for filing a

grievance.  First, it is unlikely that Defendants were even aware that Plaintiff had

filed a grievance on the same day that Plaintiff was transferred to HCF.  Transfers

of prisoners from one prison to another require some planning and considered

decision making, which is not evident in this chronology.  Plaintiff also does not

explain why filing a grievance at Waiawa, about something as commonplace as a

delay in receiving a form, would result in his  immediate transfer to HCF on the

same day.

Plaintiff also fails to allege Warden Harrington's involvement in this alleged retaliation. That is, how Harrington knew that Plaintiff filed a grievance and why he would immediately enter into a conspiracy to retaliate against Plaintiff for doing so. Again, this is simply implausible.

Plaintiff fails to explain how or why Miike, a prison administrator who processed Plaintiff's transfer but apparently has no other connection to his allegations, would conspire to retaliate against him for filing a single, inconsequential grievance that was not directed at her. Nor does he explain what authority Miike had to transfer him to another facility.

Prisoners file grievances daily within Hawaii's prison and jail facilities, yet Plaintiff provides no other non-speculative motivation for this retaliation. Plaintiff alleges nothing showing that filing the grievance was a "substantial" or "motivating" factor behind Defendants' transferring him to HCF. *Brodheim*, 584 F.3d at 1269, 1271. Plaintiff continued to file grievances when he arrived at HCF, yet he does not allege that his transfer *back* to Waiawa within four months was similarly retaliatory. Plaintiff fails to allege sufficient facts for the Court to plausibly infer that Defendants retaliated against him. This claim is DISMISSED with leave to amend.

## IV.   <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend consistent with this Order on or before July 1, 2020.  The amended pleading must cure the deficiencies in Plaintiff's claims and may not expand the claims beyond those already alleged, or add new claims without explaining how they relate to the original claims alleged against Defendants Ornellas, Miike, and Harrington.

Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  An amended pleading must be submitted on the court's prisoner civil rights form, and it will supersede the preceding complaint.  *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10.  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  If Plaintiff fails to file a timely amended complaint that cures the deficiencies in his claims, this action may be dismissed and count as a "strike" under 28 U.S.C. § 1915(g).[4]

---

[4]28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## IV.  **CONCLUSION**

(1)  The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for Plaintiff's failure to state a colorable claim for relief.  Plaintiff's claims against official capacity Defendants and for prospective injunctive relief are dismissed with prejudice.  All other claims are dismissed with leave granted to amend.

(2)  Plaintiff may file an amended pleading on or before July 1, 2020. Failure to file a timely amended pleading that cures the deficiencies in Plaintiff's claims may result in dismissal of this action with prejudice and without further notice and incur a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk is DIRECTED to send Plaintiff a prisoner civil rights complaint form so that he may comply with the directions of this Order if he elects to amend his pleadings.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 20, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Presti v. Warden of Waiawa, et al.*, No. 1:20-cv-00153 LEK-KJM Scrg '20 ( access ct., retal., trsfr)