IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CODY JOSEPH PRESTI, #A6067834, | ) | CIV. NO. 20-00153 LEK-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT IN PART |
| vs. | ) | AND DIRECTING SERVICE |
| | ) | |
| SEAN ORNELLAS, TERESA MIIKE, | ) | |
| SCOTT O. HARRINGTON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART AND DIRECTING SERVICE

Before the court is pro se Plaintiff Cody Joseph Presti's first amended prisoner civil rights Complaint ("FAC"), brought pursuant to 42 U.S.C. § 1983. *See* ECF No. 9.[1]  Plaintiff alleges that Defendants Waiawa Correctional Facility ("Waiawa") Warden Sean Ornellas, Waiawa Administrator Teresa Miike, and Halawa Correctional Facility ("HCF") Warden Scott. O. Harrington violated his civil rights pursuant to his allegedly illegal transfer from Waiawa to HCF.

The Court has screened the FAC and finds that Count I, alleging that Waiawa Warden Sean Ornellas retaliated against Plaintiff for filing grievances by

_____

[1]The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system used for filed documents in the District of Hawaii.

transferring him from Waiawa to HCF, states a claim and shall be SERVED and requires a response.

Counts II and III, regarding Plaintiff's retaliation claims against Defendant Miike and threat to safety claims against Warden Harrington, fail to state a colorable claim for relief and are DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I.   STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

2

678 (2009) (internal quotation marks omitted).  A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *Id.* (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" also falls short of meeting this plausibility standard.  *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND

 In October 2019, Plaintiff submitted an in forma pauperis form to be completed by Waiawa staff so that he could seek post-conviction relief in the state courts.  *See* FAC, ECF No. 9 at #63 (Count I).  He says that Warden Ornellas directed prison staff not to process Plaintiff's request.  Plaintiff tried to informally

resolve this issue, and on December 16, 2019, Plaintiff filed two written grievances complaining that (1) his in forma pauperis form was never processed or returned to him (#277830); and (2) Waiawa has no written rules for inmates to consult when they are issued rules violations (#277831). *Id.* at #64. The Waiawa Chief of Security met with Plaintiff that day to discuss his grievances.

On December 18, 2019, Plaintiff was transferred from Waiawa to HCF, allegedly upon Warden Ornellas' direct order. *See id.* at #65 ("[C]ombined with Lt. Ma'ele's statement on 12/18/19 that my transfer was being done on the warden[']s orders proves that Sean Ornellas was directly responsible for the retaliatory transfer"). Plaintiff alleges that Ornellas publicly stated that he transferred Plaintiff for "being 'ungrateful' and if [other inmates] filed grievances he could send them away too," and that the inmates "transferred (on December 18, 2019) were sent away as retaliation for them going to the medical unit, and that if [other inmates] went to medical he could to the same thing to them." *Id.* at #66-#67. Plaintiff alleges this denied him access to the state courts and was retaliatory.

In Count II, Plaintiff alleges that Administrator Miike completed his transfer papers from Waiawa to HCF, and "[i]n doing so, she became an actor in the retaliation itself." *Id.* at #68.

In Count III, Plaintiff alleges that HCF Warden Harrington "entered into a private agreement with Sean Ornellas to facilitate a[n] illegal transfer" for Plaintiff and two other inmates from Waiawa to HCF.  *Id.* at #70.  Plaintiff believes his transfer to HCF was illegal because he was a minimum custody inmate and HCF is a medium custody facility, and therefore, posed a threat to his safety.

As a consequence of Defendants' actions, Plaintiff alleges that he lost his job and was removed from a rehabilitation program at Waiawa, which he says delays his opportunity for an early release.  He seeks compensatory and punitive damages.[2]

## III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v.*

---

[2] Eleven days after commencing this action, Plaintiff was transferred back to Waiawa. *See* Notice, ECF No. 6.

*Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## A.     Eleventh Amendment Immunity

Plaintiff again names all Defendants in their individual and official capacities.  The "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984.  It does not bar official capacity suits for prospective relief to enjoin alleged ongoing violations of federal law, however.  *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010); *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.

*Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Plaintiff does not allege an ongoing violation or seek injunctive relief, and official capacity claims against all Defendants are DISMISSED with prejudice.

**B.    Retaliation: Counts I and II**

Prisoners have a First Amendment right to file grievances and to be free from retaliation for doing so.  *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  A valid retaliation claim contains "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)).  It is the plaintiff's burden to plead and prove each of these elements.  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  A plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right.  *Id.*; *see also Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th

Cir. 1985) (holding transfer to a different prison constituted adverse action for purposes of retaliation claim).

### 1.    *Claims Against Warden Ornellas*

Plaintiff alleges sufficient facts to show that his informal complaints and written grievances were a "substantial" or "motivating" factor behind the Warden Ornellas's decision to transfer him from Waiawa.  *See Brodheim*, 584 F.3d at 1271. He alleges a timeline that supports this inference, that is, that Ornellas' was aware of Plaintiff's protected conduct, and he alleges direct or circumstantial evidence of Warden Ornellas's alleged retaliatory motive.  *See McCollum v. Cal. Dep't of Corr. and Rehabilitation*, 647 F.3d 870, 882-83 (9th Cir. 2011); *accord Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).  Count I, as alleged against Warden Ornellas for retaliation, states a claim and shall be served.

### 2.    *Claims Against Miike and Warden Harrington*

Plaintiff does not allege sufficient facts to show that either Miike or Harrington retaliated against him.  Miike's only apparent connection to Plaintiff's claims is that she processed his transfer papers on Warden Ornellas's orders.  He does not allege she had the authority to transfer him or any motivation to do so. This is insufficient to state a claim against her.

Similarly, Plaintiff does not explain how Harrington knew of Plaintiff's protected conduct at Waiawa, or provide any non-speculative motivation for Harrington to retaliate against him. Plaintiff filed grievances at HCF and was transferred back to Waiawa within four months, which undercuts his argument that Harrington retaliated against him for filing grievances at *either* facility.

Because Plaintiff was given an opportunity to cure the deficiencies in his retaliation claims against Miike and Harrington and has failed to do so, Count II as alleged against Miike, and any unlabeled retaliation claims alleged against Warden Harrington are DISMISSED WITH PREJUDICE.

## C.   Right of Access to the Court

Plaintiff alleges that Warden Ornellas impeded his access to the state court when he allegedly directed Waiawa staff not to process Plaintiff's in forma pauperis form. Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). That right is limited to filing direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for the denial of access to the courts may arise from the hindrance of "a litigating opportunity yet to be gained" or from the loss of a suit that cannot now be tried. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court

claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference."), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

A plaintiff must allege an "actual injury" as a threshold requirement to any access to the courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4). Thus, a plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim, setting forth the nature and description of the underlying claim, "as if it were being independently pursued." *Harbury*, 536 U.S. at 413-14, 417. Finally, a plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff fails again to allege any actual injury to his pursuit of post-conviction relief in the state courts. He does not claim that he was unable to file a

state post-conviction petition, or that a petition he filed was dismissed because he was allegedly denied the indigency form at Waiawa.  Rather, as noted in the May 20, 2020 Order Dismissing Complaint with Leave to Amend, ECF No. 8, Plaintiff has two post-conviction actions pending in the Second Circuit Court, State of Hawaii ("circuit court").[3]  *See Presti v. State*, 2CPN-20-0000002 (Haw. 2d Cir. Ct., filed 02/05/2020) (Rule 40 petition); *Presti v. State*, 2CPN-19-0000001 (Haw. 2d Cir. Ct., filed 12/23/2019) ("Ex Parte Motion to Reduce Charge").  Available at: https://www.courts.state.hi.  Plaintiff was granted in forma pauperis status in both actions; neither suit has been dismissed on procedural grounds.  He has filed motions, requests, and letters in these cases and he has missed no deadlines. Plaintiff has suffered no denial of access to the courts in these cases and he does not set forth any *other* suits in which ORNELLAS's actions caused him an actual injury to his access to the court.  *See Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678.  Plaintiff fails again to state a colorable claim for denial of access to the courts and this claim is DISMISSED WITH PREJUDICE.

## D.   Threat to Safety and Conspiracy

In Count III, Plaintiff alleges Warden Harrington entered into a "private

---

[3]A court may take judicial notice of undisputed matters of public record, including court records.  *See* Fed. R. Evid. 201(b); *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).

agreement" with Warden Ornellas "to facilitate an illegal transfer of [Plaintiff] (and 2 other inmates) . . . without necessary prerequisite conditions to justify such transfer." FAC, ECF No. 9 at #70. Plaintiff alleges his transfer was illegal because he is a minimum custody inmate and HCF is a medium/maximum custody facility. He complains that he was housed with closed custody inmates for approximately two months at HCF. He says that he feared that he would "be forced into a physical altercation," leaving him in a constant state of fear and paranoia, for which he spoke with a psychiatrist and counselors. *Id.* at #71.

### 1. *Failure to Protect*

"[P]rison officials have a duty . . . to protect prisoners from violence." *Farmer*, 511 U.S. at 833-34 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (further citations omitted)); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). While a prison official need not "believe to a moral certainty" that an inmate is at risk of harm, he must have more than a "mere suspicion" that harm may occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). The obviousness of the risk may be sufficient to establish such subjective knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). However, "speculative and generalized fears of harm . . . do not rise to a sufficiently substantial risk of serious

harm." *Williams v. Wood,* 223 F. App'x 670, 671 (9th Cir. 2007).

First, Plaintiff has no constitutional right to be housed in a minimum security prison, in the prison of his choice, or to be free from transfer. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding there is no protectable interest in being housed in a specific prison or particular state); *Meachum v. Fano*, 427 U.S. 215, 229 (1976). He alleges no obvious risk of an assault simply because he was incarcerated at HCF.

Second, Plaintiff alleges no facts showing that his subjective fear for his safety constitutes more than speculation. Plaintiff does not allege any concrete threats to his safety, of which Harrington was made aware, and nonetheless ignored. He does not say that he was ever involved in a confrontation or altercation with a closed custody prisoner at HCF. Rather, he alleges that Harrington "[f]acilitated the transfer of a minimum custody inmate into H.C.F. without necessary justifiable reason, and knowingly allowed minimum custody inmate to be held in unreasonably unsafe environment." FAC, ECF No. 9 at #60. This is insufficient to state a claim against Warden Harrington for failure to protect Plaintiff from harm.

### 2. *Conspiracy*

To state a claim for conspiracy under § 1983, Plaintiff must show the

existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir.2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). To have standing to bring this type of claim, Plaintiff must allege he suffered an actual injury. *Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994).

Beyond his speculation that all Defendants conspired against him, Plaintiff fails to plead the basic elements of a civil conspiracy: an agreement and concerted action between Ornellas, Miike, and Harrington in the furtherance of that agreement to violate Plaintiff's constitutional rights. Plaintiff's conspiracy claim is DISMISSED WITH PREJUDICE.

## IV.  CONCLUSION

(1) Plaintiff states a claim against Defendant Sean Ornellas in Count I for retaliation. The First Amended Complaint may be served for this claim only. After service is perfected, Ornellas shall file a response. 42 U.S.C. § 1997e(g)(2).

(2) Plaintiff's claims against Defendants Teresa Miike and Warden Scott O. Harrington, in Counts II and III, or as suggested in Count I, fail to state a claim and are DISMISSED with prejudice.

## V.  SERVICE ORDER

IT IS HEREBY ORDERED:

14

(1)  The Clerk shall send the U.S. Marshal a copy of this Order, a copy of the First Amended Complaint, and one completed summons for Defendant Sean Ornellas.  The U.S. Marshal shall open a file and retain these documents for use in the event that Ornellas declines to waive service of the summons.

(2)  Per agreement with the Department of Public Safety the Clerk shall provide by electronic means to DPS litigation coordinators Laurie Nadamoto, Esq. and Shelley Harrington, Esq.: (a) a copy of the First Amended Complaint, ECF No. 9, and a completed Notice of Lawsuit and Request for Waiver of Service of Summons form addressed to Defendant Sean Ornellas; and (b) two completed Waiver of Service of Summons forms for Ornellas.

(3)  Defendant shall return the waiver to the U.S. Marshal within 30 days after the request for waiver of service of summons is *sent.*  The U.S. Marshal shall file the waiver with the court.  If Ornellas fails to return the waiver within that time, the U.S. Marshal shall NOTIFY THE COURT, which will direct the U.S. Marshal to personally serve the summons and complaint.  A personally served Defendant will be required to pay the costs of service.

(4) Ornellas shall file a response to the Complaint within 60 days after electronic service if formal service is waived, or 45 days if service of the summons is not waived.

(5)  Plaintiff shall notify the court within one week of any change of address. This notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to do so may result in dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(6)  After Ornellas files a response, Plaintiff's documents are deemed served on any Defendant or their attorney(s) who participate in the court's Case Management Electronic Case Filing (CM/ECF) system.  The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 15, 2020.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Presti v. Ornellas, et al.*, No. 1:20-cv-00153 LEK-KJM Scrg '20 FAC (acc ct., retal, trsfr fail prot. consp.)